## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CONSTITUTION PIPELINE COMPANY, LLC  :<br><br>       Plaintiff,  :<br><br>       v.  :<br><br>A PERMANENT EASEMENT FOR 0.49  :<br>ACRES AND TEMPORARY EASEMENTS  :<br>FOR 1.85 ACRES IN DAVENPORT,  :<br>DELAWARE COUNTY, NEW YORK,  :<br>TAX PARCEL NUMBER 33.-1-8.11,  :<br>ANTHONY S. MACALUSO, et al.  :<br><br>       Defendants.  : | CIVIL ACTION<br><br>Case No. 3:14-cv-02013-NAM-RFT<br><br>**Electronically Filed** |

## **ORDER**

AND NOW, this 18th day of February, 2015, upon consideration of Plaintiff's Omnibus Motion for Preliminary Injunction for Possession of Rights of Way by February 16, 2015 Pursuant to the Natural Gas Act and Federal Rules of Civil Procedure 71.1 and 65, and the documents and arguments submitted in reference thereto, the Motion is hereby GRANTED and:

(a) Upon filing the bond required below, beginning February 16, 2015, Plaintiff Constitution Pipeline Company, LLC ("Constitution") is granted access to, possession of and entry to the following Rights of Way:

    1. A permanent right of way and easement, containing 0.49 acres, as described as "Area of Permanent Right of Way" in Exhibit A attached hereto, for the purpose of constructing, operating, maintaining, altering, repairing, changing the size of, replacing and removing a pipeline and all related equipment and appurtenances thereto (including but not limited to meters, fittings, tie-overs, valves, cathodic protection equipment and launchers and receivers) for the transportation of natural gas, or its byproducts, and other substances as approved by the Federal Energy Regulatory Commission pursuant to the Natural Gas Act and the Order of the Federal Energy Regulatory Commission dated December 2, 2014,

        Docket Nos. CP13-499-000 and CP13-502-000, 149 FERC ¶ 61,199 (2014); together with all rights and benefits necessary or convenient for the full enjoyment or use of the right of way and easement. Defendants shall have a right of ingress and egress across the permanent right of way, but Defendants shall not build any permanent structures on said permanent right of way or any part thereof, shall not change the grade of said permanent right of way, or any part thereof, shall not plant trees on said permanent right of way, or any part thereof, or use said permanent right of way or any part thereof for a road, or use said permanent right of way or any part thereof in such a way as to interfere with Plaintiff's immediate and unimpeded access to said permanent right of way, or otherwise interfere with Plaintiff's lawful exercise of any of the rights herein granted without first having obtained Plaintiff's approval in writing, and Defendants will not permit others to do any of said acts without first having obtained Plaintiff's approval in writing, except that the landowner may construct a single driveway that crosses the permanent right of way perpendicularly after providing reasonable notice to Plaintiff provided that Defendants do not excavate or change the grade of the permanent right of way during construction of said driveway. Plaintiff shall have the right to cut the driveway if necessary to access the pipeline, but will restore the driveway to its original condition. Within the permanent right of way, Plaintiff shall also have the right from time to time at no additional cost to Defendants to cut and remove all trees including trees considered as a growing crop, all undergrowth and any other obstructions that may injure, endanger or interfere with the construction and use of said pipeline and all related equipment and appurtenances thereto.

2.     Temporary easements of 1.85 acres, as described as "Area of Temporary Workspace" and "Area of Additional Temporary Workspace" in Exhibit A attached hereto, for use during the pipeline construction and restoration period only for the purpose of ingress, egress and regress and to enter upon, clear off and use for construction and all activities required by the Order of the Federal Energy Regulatory Commission dated December 2, 2014, Docket Nos. CP13-499-000 and CP13-502-000, 149 FERC ¶ 61,199 (2014).

(b)     Constitution shall post a bond in the amount of $8,000.00 as security for the payment of just compensation to Defendants.

(c)     Constitution shall record this Order in the County Clerk's Office of Delaware County, New York.

IT IS SO ORDERED.

**Norman A. Mordue**
**Senior U.S. District Judge**

-2-

## EXHIBIT A

757019.1 01/06/2015

## EXHIBIT A

